UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TIMOTHY SENTER and JIMMY HOPE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:22-CV-452-TAV-JEM |
| | ) | |
| BLOOMFIELD LOGISTICS, INC., and | ) | |
| GREG BLOOMFIELD, individually, | ) | |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Counsel for Defendants' Motion to Withdraw [Doc. 36]. Attorneys Karl Braun and Paul Tennison with Hall Booth Smith, P.C. (collectively, "Movants") seek leave to withdraw as counsel of record for Defendants pursuant to Rules 1.16(b)(1) and (6)–(8) of the Tennessee Rules of Professional Conduct [*Id.* ¶¶ 1–2]. They incorporate the facts and procedural history outlined in Defendants' Emergency Motion to Continue Trial and Motion for Expedited Consideration [*Id.*].[1] Movants represent that they "discussed recent developments" with Defendant Greg Bloomfield on June 27, 2024 [Doc. 36 ¶ 3]. Thereafter, on July 3, 2024, Movants provided a copy of their motion to withdraw to Defendants [*Id.* ¶ 5; *see also* Doc. 36-1]. Movants told Defendant Greg Bloomfield that they would continue to assist Defendants "as [they] endeavored to retain other counsel" [Doc. 36 ¶ 6]. Defendants advised Movants "that they are actively seeking new counsel to represent them in this case" [*Id.* ¶ 7]. Although the parties have

---

[1] Defendants' motion details how Defendants are insured by Protective Insurance Company, but defense counsel's fees and costs have exceeded the policy limits [Doc. 32].

engaged in settlement discussions, "it appears [they] are currently at a stalemate on settlement negotiations" [*Id*. ¶ 8]. Movants represent that "Defendants' financial situation is such that their ability to pay for legal services going forward is extremely limited at best" [*Id*. ¶ 9 (footnote omitted)]. "[They] certify that they have complied with the requirements of [Local Rule] 83.4(g) in the submission of this request" [*Id*. ¶ 4]. They also request that Defendants be given thirty days to retain new counsel [*Id*. at 2].

Local Rule 83.4(g) provides:

> **(g) Withdrawal as Attorney of Record**. An attorney who seeks to have his or her name removed as counsel of record shall file a motion so requesting. The Court may refuse to allow an attorney to withdraw if doing such will delay the trial or for other good reason. If the client is a corporation or other artificial person or legal entity created by statute that may only appear in court through counsel, the Court, absent extraordinary circumstances, shall not allow the attorney to withdraw until the client has obtained substitute counsel.
>
> To withdraw from a case, an attorney must do the following:
>
> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time and place of the hearing and (ii) that the client has a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

E.D. Tenn. L.R. 83.4(g). The Court finds that Movants' motion complies with the Local Rules. Movants seek to withdraw from representing a corporation, and the Court finds extraordinary

2

circumstances allowing Movants' withdrawal. Namely, Movants seek to withdraw pursuant to Rules 1.16(b)(1) and (6)–(8) of the Tennessee Rules of Professional Conduct [Doc. 36 ¶ 2]. The Court therefore grants this request, and Movants are **RELIEVED** of their duties in this action. The Court expects Movants to provide copies of any relevant documents to any future counsel for Defendants or directly to Defendants upon request.

Movants also seek thirty days for Defendants to find counsel. Defendants, however, have been aware of the issues relating to their representation since at least June 28, 2024 [*See* Doc. 32]. The Court will therefore afford Defendants **fourteen days** to retain new representation. After this time has passed, the Court will consider Defendants to be proceeding pro se.

Given that Defendant Bloomfield Logistics, Inc., is a corporation, the Court **ADMONISHES** it that corporations cannot appear in federal court except through a licensed attorney. *See In re Classicstar Mare Lease Litig.*, No. 5:07-cv-353, 2009 WL 1468594, at *1 (E.D. Ky. May 13, 2009) ("It is well settled that corporations, partnerships, and associations cannot appear in federal court except through a licensed attorney." (citations omitted)). The potential consequence of not securing replacement counsel is that default judgment could be entered against the Defendant Bloomfield Logistics Inc. *See id*. The Court highly recommends that Defendant Bloomfield Logistics, Inc., find substitute counsel in this case. *See Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney." (citations omitted)).

As for Defendant Greg Bloomfield, unless and until he obtains substitute counsel, it is his obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if he elects to proceed in this case without an attorney, he is responsible for complying with all deadlines set by the Court and responding to any requests for relief by other

parties, *see* E.D. Tenn. L.R. 7.1. Like any other party, he will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.

The Court therefore **GRANTS IN PART AND DENIS IN PART** the motion [**Doc. 36**]. The Court **DIRECTS** the Clerk's Office to mail a copy of this Memorandum and Order to Defendants at the address provided in the motion and to update CM/ECF accordingly.

**IT IS SO ORDERED**.

ENTER:

Jill E. McCook
United States Magistrate Judge